IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID SHEPPARD,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )        Case No. 15-3015-CV-S-ODS-SSA
                                         )
CAROLYN COLVIN,                          )
Acting Commissioner of Social Security,  )
                                         )
                    Defendant.           )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying his application for disability insurance benefits and supplemental
security income benefits.  The Commissioner's decision is affirmed.

I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination
whether the decision is "supported by substantial evidence on the record as a whole.
Substantial evidence is less than a preponderance but . . . enough that a reasonable
mind would find it adequate to support the conclusion."  Andrews v. Colvin, 791 F.3d
923, 928 (8th Cir. 2015) (citations omitted).  "As long as substantial evidence in the
record supports the Commissioner's decision, we may not reverse it because
substantial evidence exists in the record that would have supported a contrary outcome,
or because we would have decided the case differently."  Cline v. Colvin, 771 F.3d
1098, 1102 (8th Cir. 2014) (citation omitted).  Though advantageous to the
Commissioner, this standard also requires that the Court consider evidence that fairly
detracts from the final decision.  Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2015)
(citation omitted).  Substantial evidence means "more than a mere scintilla" of evidence;

rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1972, and has a high school education.  R. at 33.  In June 2012, Plaintiff filed an application for disability insurance benefits and supplemental security income benefits, alleging his disability began in July 2010.  R. at 139-151. Plaintiff's claims were initially denied, and he requested a hearing.  A hearing was held on July 29, 2013.  R. at 28-58.  Thereafter, the ALJ issued his decision, finding that Plaintiff was not disabled.  R. at 14-23.

In reaching his decision, the ALJ found that Plaintiff had the following severe impairments:  hearing loss, polyneuropathy, bilateral carpal tunnel syndrome, atrial septal defect, mitral regurgitation, atrial fibrillation, restrictive lung defect/allergic rhinitis, and migraine headaches.  R. at 17.  The ALJ determined that Plaintiff had the residual functional capacity to perform light work, except he can frequently lift and/or carry ten pounds; occasionally lift and/or carry twenty pounds; stand and/or walk for one hour at a time for a total of five hours in an eight-hour workday; sit two hours at a time for a total of six hours in an eight-hour workday; occasionally bend, stoop, crouch, squat, kneel, and crawl; never climb ladders; never work at unprotected heights; never work around hazardous machinery; occasionally grip, handle, and finger; should avoid exposure to extreme temperatures, humidity, dust, and poor ventilation; should avoid vibration; others must be able to get his attention to communicate with him; and he may need a cane to get around but a cane would not be necessary to stand in one place.  R. at 17-18.  The ALJ concluded that, based upon this RFC and the testimony of the Vocational Expert ("VE"), Plaintiff could work as an usher and rental clerk.  R. at 22.

Plaintiff has appealed the ALJ's decision.  Plaintiff's appeal is based upon three arguments:  (1) the ALJ improperly discounted Plaintiff's treating physician's opinion regarding all of Plaintiff's alleged limitations; (2) the ALJ did not properly assess Plaintiff's credibility; and (3) the ALJ failed to address Plaintiff's problems with dizziness or balance in his decision.

III. DISCUSSION

A.

Plaintiff argues that the ALJ improperly discounted Plaintiff's treating neurologist's (Dr. Choudhary) opinion regarding Plaintiff's use of a cane for balance. A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. See e.g., Anderson v. Astrue, 696 F.3d 790, 793-94 (8th Cir. 2012); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). In addition, "[a] treating physician's own inconsistency may also undermine his opinion and diminish or eliminate the weight given his opinions," such as when he offers an opinion that is inconsistent with his contemporaneous treatment notes. Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006).

The ALJ did not fully adopt the restrictions set forth by Dr. Choudhary in his Medical Source Statement. When explaining his RFC determination, the ALJ placed more severe restrictions on Plaintiff's ability to lift and/or carry than Dr. Choudhary did, and placed the same restrictions on Plaintiff's ability to stand, walk, and sit as Dr. Choudhary did. R. at 17-18, 314-15. The ALJ accorded "little weight" to Dr. Choudhary's opinion regarding Plaintiff's limitation with regard to reaching, the side effects from Plaintiff's pain medication, and Plaintiff's need to lie down. The ALJ found that Choudhary's opinions regarding these limitations were contrary to Plaintiff's hearing testimony, were vague and speculative, and were unsupported by Dr. Choudhary's objective medical findings. R. at 20. In his appeal, Plaintiff does not argue that the ALJ improperly considered these portions of Dr. Choudhary's assessment.

Instead, Plaintiff argues that the ALJ's RFC did not include a restriction that Plaintiff may sometimes need a cane for ambulation or balance. Doc. #8, 8-9. As set forth above, the ALJ's RFC included a limitation that Plaintiff may need a cane to get around but the cane would not be necessary for standing in place. R. at 18. While the ALJ did not explain specifically why he did not include the possible use of a cane for balance, the ALJ stated that he discounted those portions of Dr. Choudhary's opinion that were not supported by objective medical findings. R. at 20.

3

Here, the medical records provided by Dr. Choudhary do not support that a cane was necessary for balance, as Plaintiff argues. From September 2012 through August 2013, Plaintiff visited Dr. Choudhary on several occasions. While Dr. Choudhary mentioned that Plaintiff was using a cane to ambulate and was having difficulty walking, he did not state that Plaintiff had to use (or was using) a cane for balance and/or when standing. R. at 305-06, 310, 345. In fact, on several visits, there was no mention of Plaintiff using a cane. R. at 303-04, 307-08, 311-12, 341-42.

The ALJ's RFC determination incorporated Plaintiff's need to use a cane to ambulate, and that determination is supported by the substantial evidence in the record. But the medical records do not establish that Plaintiff must use a cane for balance and/or when standing. Rather, Dr. Choudhary opined that Plaintiff could "occasionally" balance, and Plaintiff could walk and/or stand continuously for one hour. R. at 315. Having considered the record as a whole, the Court concludes there is substantial evidence to support the ALJ's decision to discount Dr. Choudhary's opinion that Plaintiff may "sometimes" need to use a cane for balance.[1]

<u>B.</u>

Plaintiff argues that the ALJ's RFC determination was deficient because the ALJ found that Plaintiff was not entirely credible. The familiar standard for analyzing a claimant's subjective complaints in the Eighth Circuit is set forth in <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted):

---

[1] To the extent Plaintiff is also arguing that the ALJ's RFC determination regarding use of a cane is not supported by substantial evidence, the Court disagrees. The substantial evidence in the record reveals that even Dr. Choudhary did not opine that Plaintiff <u>must</u> use a cane for both ambulation <u>and</u> balance. <u>See e.g.</u>, R. at 304-08, 310-312, 341-42, 345. And when specifically asked to opine on Plaintiff's limitations, Dr. Choudhary stated that Plaintiff would "sometimes" need a cane for ambulation <u>or</u> balance. R. at 314-15. Plaintiff appears to rely on this opinion to support his argument that he must use a cane at all times. Dr. Choudhary's opinion, however, does not provide evidence – much less, substantial evidence – that Plaintiff must use a cane at all times. Accordingly, the ALJ's RFC determination regarding Plaintiff's use of a cane is supported by substantial evidence.

4

While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

     1. The claimant's daily activities;
     2. the duration, frequency and intensity of the pain;
     3. precipitating and aggravating factors;
     4. dosage, effectiveness and side effects of medication;
     5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Id. at 1322.

The ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible due to the objective medical evidence, noncompliance with treatment, medicinal management of his symptoms, and Plaintiff's work history. R. at 19-21. The ALJ properly considered the objective medical evidence when analyzing Plaintiff's credibility. Although Plaintiff maintains that he suffers from cardiac disease and that was the reason why he stopped applying for jobs in January 2012, the ALJ found that there is no evidence that Plaintiff has received treatment for cardiac disease since that time. R. at 19.

With regard to Plaintiff's carpal tunnel syndrome, the ALJ cited treatment notes that indicated Plaintiff was not using his hand braces regularly even though he had been advised to do so. R. at 20. Further, Plaintiff complained about migraine headaches twice a month, but his medical records revealed that his headaches were managed with

medication.  R. at 19-20.  The same is true of Plaintiff's rhinitis and allergies, which are managed by medication.  R. at 20.

The ALJ also properly considered Plaintiff's work history.  The ALJ noted that Plaintiff had a sporadic work history from 2005 and 2010, and his earnings from 2006 to 2009 were quite low, suggesting Plaintiff may not have left work solely because of his impairments.  R. at 20.  These factors – the objective medical evidence, medicinal management, and Plaintiff's work history – were properly considered by the ALJ when making a determination about Plaintiff's credibility.  See e.g., Halverson v. Astrue, 600 F.3d 922, 933 (8th Cir. 2010); Wildman v. Astrue, 596 F.3d 959, 968-69 (8th Cir. 2010); Moore v. Astrue, 572 F.3d 520, 524-25 (8th Cir. 2009).  Having considered the Record as a whole, the Court concludes there is substantial evidence to support the ALJ's credibility determination.

## C.

Plaintiff's final argument is that the ALJ failed to discuss Plaintiff's problems with balance and dizziness in the ALJ's decision.[2]  To support this argument, Plaintiff relies on his own testimony that he had difficulties with balance and the opinion of Dr. Choudhary stating that Plaintiff "sometimes" needed a cane for balance or ambulation.  Doc. #8, at 11.  With regard to Plaintiff's argument that his testimony provides substantial evidence on this point, the ALJ properly discounted Plaintiff's testimony as being partially incredible.  See section III(B).

While it is true that Dr. Choudhary, in a form, indicated that Plaintiff would "sometimes" need a cane for "ambulation or balance," Dr. Choudhary, in that very same form, opined that Plaintiff had the ability to balance "occasionally."  R. at 315.  Dr. Choudhary also stated that Plaintiff could stand or walk continuously for one hour, could stand or walk five hours throughout an eight-hour workday, could lift and/or carry fifty

---

[2] While Plaintiff contends that there should have been an explicit discussion of these two issues in the ALJ's decision, he failed to set forth what impact such a discussion would have on the outcome.  For example, Plaintiff does not point to limitations (not included in the ALJ's RFC or otherwise discussed above) that the ALJ should have included in the RFC because of Plaintiff's dizziness and balance.

pounds frequently, could "frequently" kneel, crouch, and crawl, and could "occasionally" climb, which belies the notion that Plaintiff had severe problems with dizziness or balance.  R. at 315.  When considering Dr. Choudhary's opinion regarding Plaintiff's limited need for a cane as well as the objective medical evidence regarding Plaintiff's use and/or need for a cane, see supra, section III(A), the ALJ's decision is supported by substantial evidence in the record.

## IV.  CONCLUSION

The Court's review discerns no legal error on the ALJ's part.  The ALJ considered facts he was entitled to consider, and the weighing of those facts is the ALJ's task, not the Court's.  The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision, so the denial of benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 29, 2015        UNITED STATES DISTRICT COURT

7